UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CR-423-SEP/SPM |
| TERRY CARTER-KILGORE, | ) ) ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S MOTION**
**FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Jonathan A. Clow, Assistant United States Attorney for said District, and respectfully moves the Court to order Defendant Terry Carter-Kilgore ("Defendant") detained pending trial and requests a detention hearing be held within three days of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this Motion, the Government states as follows:

**Introduction**

1. The Indictment in this case charges Defendant with 5 counts of bank fraud, in connection with his almost two-years-long check fraud scheme using checks stolen from the U.S. mail. In order to perpetrate this multi-jurisdictional fraud, Defendant possessed multiple false driver's licenses and assumed multiple fake or stolen identities. Upon learning there was a warrant for his arrest in this case, Defendant attempted to flee from law enforcement and boasted that he would flee again if given the chance. For these reasons, Defendant presents a serious risk of flight, no conditions will reasonably assure his appearance as required, and the United States respectfully asks the Court to detain Defendant pending trial.

**Relevant Law**

2. Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk that defendant will flee, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves—(A) a serious risk that such person will flee . . . ."); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

3. As the Eighth Circuit has made clear, in determining whether these two conditions are met, this Court need not conduct a "rigid two-step inquiry." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). Rather, this Court "permissibly conduct[s] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.* For instance, the Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." *Id.* (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)). Those factors include "the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger posed by the defendant's release." 18 U.S.C. § 3142(g).

**Argument**

**A. Defendant attempted to flee when officers attempted to arrest him on the warrant issued by this Court, demonstrating that Defendant poses a serious flight risk and no conditions will reasonably assure his appearance if released.**

4. First and foremost, Defendant is a clear flight risk because, when faced with the arrest warrant in this case, he attempted to flee. According to a Fitchburg Police Department report, on September 12, 2025, Defendant was pulled over in Fitchburg, Wisconsin after he failed to stop at a stop sign. The vehicle driven by Defendant was not registered in his name, and Defendant could not provide a driver's license to Fitchburg Police Department officers. After Defendant verbally identified himself, officers learned of the arrest warrant in this case. Officers then instructed Defendant to exit his vehicle and place his hands behind his back and informed him he was being detained. Though initially compliant, as officers attempted to handcuff Defendant, Defendant tensed his arms, pulled his arms away, and attempted to flee from the officers on foot. Defendant struggled with two officers, who were able to bring Defendant to the ground, but Defendant continued to ignore the officers' instructions and resist being handcuffed. Only after officers advised Defendant they would be forced to deploy a taser if he continued resisting did Defendant finally comply, and Defendant was placed under arrest.

5. If Defendant's actions had not already demonstrated his intent to flee, his post-arrest statements to Fitchburg Police Department officers made abundantly clear he would flee if given the opportunity. After his arrest, officers booked Defendant on the charge of resisting arrest and transported him in a police vehicle to the jail in Dane County, Wisconsin. During transport to the jail, Defendant made a number of statements to officers indicating he intended to flee. Defendant advised he did not intend on coming back after he was released or on attending court. He advised that, once released, he planned to flee the area. Defendant said that if he had been in

3

a different car, he would have fled in his vehicle instead of pulling over. Defendant claimed he had a plan on how to escape officers on foot and he had multiple cars enroute in which to escape. Defendant also told officers multiple times that he had something on his person that officers had not found yet and referred to having cocaine in his pants. After officers later conducted another search of Defendant's person and found nothing, Defendant confessed he was "joking" and made these comments so that officers would open the door to the police vehicle, presumably so Defendant could make good on his escape plan.[1]

6. In sum, since learning of the warrant issued by this Court, Defendant has already attempted to flee once and doubled down by threatening to do so again. Taking Defendant at his word alone, he presents a serious risk of flight, and the Court accordingly should detain him pending trial in this matter.

**B. The nature and circumstances of Defendant's identity-theft-related fraud and overwhelming weight of the evidence demonstrate Defendant has both the means and the incentive to flee.**

7. The nature and circumstances of Defendant's bank fraud scheme demonstrate that he has the wherewithal and means to assume a fake or stolen identity, giving him the means to flee and avoid detection by law enforcement if released. As charged in the Indictment, over a nearly two-year period, Defendant perpetrated a check fraud scheme using checks stolen from the U.S. mail. As part of the scheme, Defendant obtained false driver's licenses with his photograph but fake or stolen names and personal identifiable information. Defendant then used those false driver's licenses to falsely represent his identity and open unauthorized bank accounts, before depositing the stolen checks into those unauthorized accounts. In addition, Defendant traveled to

---

[1] Defendant was charged with resisting arrest in *Dane County v. Terry Carter-Kilgore*, case number 2025FO001688 (Dane County, Wisconsin). On September 16, 2025, Defendant entered a no contest plea to a civil forfeiture violation and was ordered to pay forfeiture and costs.

multiple jurisdictions with which he has no known association, including the Eastern District of Missouri, in order to perpetrate this scheme.

8.  The evidence against Defendant is overwhelming.  The evidence includes bank security video depicting Defendant opening these unauthorized bank accounts and depositing the stolen checks and copies of the false driver's licenses, bearing Defendant's photo, used to open these accounts.  While the Indictment charges Defendant with 5 counts of bank fraud in connection with 5 stolen check deposits in the Eastern District of Missouri, investigators have identified approximately 25 total such deposits connected to Defendant in states such as Illinois, Ohio, Texas, and Indiana.

**C. Defendant has a history of resisting arrest, and his history and characteristics likewise demonstrate that he poses a serious risk of flight and no conditions will reasonably assure his appearance.**

9.  Defendant's criminal history demonstrates that his attempted flight from Fitchburg Police Department officers was not an aberration.  The most recent stolen check deposit linked to Defendant's scheme occurred in August 2024 in Lee's Summit, Missouri.  On August 20, 2024, the Lee's Summit Police Department responded to a local Commerce Bank after Defendant entered the bank, falsely identified himself, and presented a false driver's license in an attempt to open a bank account and deposit a stolen U.S. Treasury check.  Once police arrived at the bank, Defendant observed officers from inside the bank and fled the bank on foot.  Defendant fled around nearby businesses and then into a residential neighborhood, before eventually being found hiding under a deck in the backyard of a residence.  Defendant was subsequently charged with receiving stolen property in *Lee's Summit v. Terry Carter-Kilgore*, case number 230021571 (Lee's Summit, Missouri).  Defendant failed to appear for his initial appearance, and on February 6, 2025, a warrant was issued for his arrest.  That warrant is still outstanding.

10. Defendant has multiple prior criminal convictions for theft, robbery, and manufacture-delivery of a controlled substance.

11. Finally, Defendant, a resident of Illinois, has no known ties to the Eastern District of Missouri, or the district of his arrest (Western District of Wisconsin) for that matter. Instead, it appears that Defendant has for years traveled to multiple jurisdictions for the sole purpose of engaging in fraud, despite his criminal history.

## Conclusion

WHEREFORE, the United States of America respectfully requests that this Court detain Defendant pending his trial in this matter.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY


*/s/ Jonathan A. Clow*
JONATHAN A. CLOW
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Jonathan A. Clow*
JONATHAN A. CLOW
ASSISTANT UNITED STATES ATTORNEY